JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
  E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
  E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
  E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
SPECULATIVE PRODUCT DESIGN, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECULATIVE PRODUCT DESIGN, LLC, a California Limited Liability Company d/b/a SPECK PRODUCTS,<br><br>Plaintiff,<br><br>v.<br><br>F & S VENTURES, INC., a New Jersey Corporation d/b/a STREET TALK; IPOD PLACE, a Business Entity of Unknown Status; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15** *U.S.C.* **§ 1114/***Lanham Act* **§43(a)];**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/FALSE OR MISLEADING ADVERTISING [15** *U.S.C.* **§1125(a)];**<br>**(3) TRADEMARK DILUTION [15** *U.S.C.* **§1125(c)];**<br>**(4) FEDERAL COPYRIGHT INFRINGEMENT [17** *U.S.C.* **§501(a)];**<br>**(5) UNFAIR BUSINESS PRACTICES [***CALIFORNIA BUSINESS & PROFESSIONS CODE* **§17200];**<br>**(6) DECLARATORY RELIEF.**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMES NOW, Plaintiff SPECULATIVE PRODUCT DESIGN, LLC, a California Limited Liability Company d/b/a SPECK PRODUCTS (hereinafter "Plaintiff"), and hereby

alleges as follows:

## PARTIES

1. Plaintiff, is now, and was at the time of the filing of this Complaint, and at all intervening times, a California Limited Liability Company, duly authorized and licensed to conduct business in the State of California, with its principal place of business located in Mountain View, California.

2. Plaintiff alleges, on information and belief, that Defendant F & S VENTURES, INC., is now, and was at the time of the filing of this Complaint, a New Jersey Corporation d/b/a STREET TALK, with its principle place of business located in Metuchen, New Jersey.

3. Plaintiff alleges, on information and belief, that Defendant IPOD PLACE, is now, and was at the time of the filing of this Complaint, a business entity of unknown status with its principle place of business located in San Jose, California.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend this pleading accordingly.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendants F & S VENTURES, INC., IPOD PLACE, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other defendant and the acts of each defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

6. Plaintiff further alleges that Defendants F & S VENTURES, INC., IPOD PLACE, and DOES 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth and shall henceforth be referred to collectively as "Defendants."

/ / /

/ / /

**JURISDICTION / VENUE**

7. This Court has Federal subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 U.S.C. §1051 *et seq.*), and copyright infringement under the Copyright Act (17 U.S.C. §501(a)); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a) and 1338 (a)(b).

8. Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

9. Personal jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

**INTRADISTRICT ASSIGNMENT**

10. Pursuant to Rule 3-2(c) of the Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California ("Civil L.R.") and the Court's Assignment Plan, this is an Intellectual Property Action to be assigned on a district wide-basis.

11. Assignment to the San Jose Division would nonetheless be appropriate pursuant to Civil L.R. 3-2(e) because a substantial part of the events that give rise to Plaintiff's claims against Defendants occurred in Santa Clara County, California, where Plaintiff's principal place of business is located.

**GENERAL ALLEGATIONS**

**Plaintiff and its Famous SPECK® Products**

12. Plaintiff is a privately held company founded in Palo Alto, California in 2001 as a form fit case company. Plaintiff creates cases for the mobile accessories market.

13. Plaintiff is one of the leading companies in its industry and has received numerous awards and recognitions for its innovative products and designs.

14. Plaintiff is also one of the world's leading manufacturers of protective carrying cases for electronic devices, including but not limited to, portable electronic listening devices and music players, namely, mp3 players, and for portable computers, global positioning systems (GPS devices), mobile and cellular telephones, portable media players, and personal digital assistants.

15. Plaintiff develops and manufactures protective carrying cases for products such as the Apple iPhone®, Apple iPad®, Apple iPod®, Apple MacBook®, notebook bags and sleeves, smartphones including Blackberry®, HTC®, Sharp®, Samsung®, and Motorola® models, TomTom® GPS navigation devices, portable hard drives such as WD My Passport Elite/Essential®, and the Kindle 3®.

16. Plaintiff is continually striving to discover and develop new, advanced technologies and designs to meet the needs of the ever-advancing consumer electronics industry. Plaintiff offers over 250 products for sale and is sold in over 75 countries worldwide.

17. Plaintiff has spent substantial time, money and effort in developing consumer recognition and awareness of its trademarks. Through the extensive use of its trademarks, Plaintiff has built up and developed significant goodwill in its entire product line. A wide array of newspapers, magazines and television networks have included advertising of Plaintiff's products, which are immediately identified by Plaintiff's trademarks.

18. Plaintiff is the exclusive owner of numerous federally-registered and common law trademarks. The following is a partial (non-exhaustive) list of registered trademarks owned by Plaintiff:

   A. SPECK, registered trademark number 3,663,010, registered on August 4, 2009, for use on or in connection with protective carrying cases for portable electronic listening devices and music players, namely, mp3 players, and for portable computers, global positioning systems (GPS devices), mobile and cellular telephones, portable media players, and personal digital assistants, in Class 9 (U.S. CLS. 21, 23, 26, 36 and 38);

1    B.    [Design Mark], registered trademark number 3,666,072, registered on August 11, 2009, consisting of an asterisk between parentheses; for use on or in connection with protective carrying cases for portable electronic listening devices and music players, namely, mp3 players, and for portable computers, global positioning systems (GPS devices), mobile and cellular telephones, portable media players, and personal digital assistants, in Class 9 (U.S. CLS. 21, 23, 26, 36 and 38);

C.    [Design Mark], registered trademark number 3,666,082, registered on August 11, 2009, consisting of an asterisk between parentheses followed by the word "speck" in stylized letters; for use on or in connection with protective carrying cases for portable electronic listening devices and music players, namely, mp3 players, and for portable computers, global positioning systems (GPS devices), mobile and cellular telephones, portable media players, and personal digital assistants, in Class 9 (U.S. CLS. 21, 23, 26, 36 and 38);

D.    CANDYSHELL, registered trademark number 3,817,709, registered on July 13, 2010, for use on or in connection with protective carrying cases for portable electronic listening devices and music players, namely, mp3 players, and for portable computers, global positioning systems (GPS devices), mobile and cellular telephones, portable media players, and personal digital assistants, in Class 9 (U.S. CLS. 21, 23, 26, 36 and 38).  Attached hereto as **Exhibits A** - **D**, respectively, are true and correct copies of the certificates of registration for each of these federally-registered trademarks (hereinafter "Plaintiff's Marks").

19.    Plaintiff is also the owner of several international trademarks in the following countries: Canada, New Zealand, Republic of Korea, Malaysia, European Community, Hong Kong, Int'l Registration – Madrid Protocol, Taiwan, Australia, Singapore, Japan, Russian Federation, Thailand, and the People's Republic of China.

20.    Plaintiff is also the exclusive owner of numerous federally-registered and common law copyrights.  In relation to the packaging for its SPECK® CANDYSHELL® cell phone case for iPhone 5, Plaintiff owns, among others, the following registered copyright: Certificate of Registration, registration number VA1-879-028 (registered on November 20, 2012).  Attached hereto as **Exhibit E** is a true and correct copy of the certificate of registration

1  for this federally-registered copyright (hereinafter "Plaintiff's Works").

2      21.    Additionally, Plaintiff owns a valid and lawfully issued United States Patent, patent no. US 8,204,561 B2 (June 19, 2012), for its "one piece co-formed exterior hard shell case with an elastomeric liner for mobile electronic devices." Attached hereto as **Exhibit F** is a true and correct copy of Plaintiff's United States patent.

### Defendants' Infringing Conduct

22.    Defendants lease storefront and kiosk space at shopping malls managed by Simon Property Group and General Growth Properties, among others, in order to offer for sale, sell and distribute products, including counterfeit cell phone cases, bearing Plaintiff's Marks and comprised of Plaintiff's Works, to consumers.

23.    Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendants have, without the consent of Plaintiff, offered for sale and sold within the United States and within the Northern District of California goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of Plaintiff's Marks and Plaintiff's Works.

24.    On information and belief, Plaintiff further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States and within the Northern District of California.

25.    On September 8, 2012, in its ongoing investigation of counterfeit sales of its SPECK®-branded cell phone cases and related products, Plaintiff purchased one (1) purported SPECK®-, CANDYSHELL®-branded cell phone case from Defendants at the Great Mall in Milpitas, California for a cost of $27.31. A true and correct copy of the purchase receipt evidencing this transaction is attached hereto as **Exhibit G**.

26.    On December 12, 2012, Plaintiff purchased one (1) purported SPECK®-, CANDYSHELL®-branded cell phone case from Defendants at the Great Mall in Milpitas, California for a cost of $32.50. A true and correct copy of the purchase receipt evidencing this

transaction is attached hereto as **Exhibit H**.

27. On August 16, 2013, Plaintiff purchased two (2) purported SPECK®-, CANDYSHELL®-branded cell phone cases from Defendants at the Eastridge Center in San Jose, California for a cost of $65.53 (the purchase receipt identifies a Milpitas, CA address even though the items were purchased in San Jose, CA). A true and correct copy of the purchase receipt evidencing this transaction is attached hereto as **Exhibit I**.

28. On February 7, 2014, Plaintiff purchased one (1) purported SPECK®-, CANDYSHELL®-branded cell phone case from Defendants at the Eastridge Center in San Jose, California for a cost of $32.61 (the purchase receipt identifies a Milpitas, CA address even though the items were purchased in San Jose, CA). A true and correct copy of the purchase receipt evidencing this transaction is attached hereto as **Exhibit J**.

29. On March 28, 2014, Plaintiff purchased one (1) purported SPECK®-, CANDYSHELL®-branded cell phone case from Defendants at the Lincolnwood Town Center in Lincolnwood, Illinois for a cost of $27.50. A true and correct copy of the purchase receipt evidencing this transaction is attached hereto as **Exhibit K**.

30. On April 8, 2014, Plaintiff purchased three (3) purported SPECK®-, CANDYSHELL®-branded cell phone cases from Defendants at the Orland Square Mall in Orland Park, Illinois for a cost of $57.76 and $32.76, respectively. True and correct copies of these purchase receipts evidencing these transactions are collectively attached hereto as **Exhibit L**.

31. The cell phone cases purchased from Defendants at the Great Mall in Milpitas, CA, the Eastridge Center in San Jose, CA, the Lincolnwood Town Center in Lincolnwood, Illinois, and the Orland Square Mall in Orland Park, IL were inspected by Plaintiff to determine authenticity. Plaintiff's inspection of the purchased items confirmed that the items Defendant sold were, in fact, counterfeit and unauthorized SPECK®-, CANDYSHELL®-branded products bearing Plaintiff's Marks and comprised of Plaintiff's Works.

32. Plaintiff has repeatedly put Defendants, Simon Property Group, and General Growth Properties on notice of Defendants infringing conduct at properties managed by Simon

Property Group and General Growth Properties in California and Illinois.  Defendants have not responded to any of Plaintiff's notices to cease and desist and Defendants continue to willfully infringe upon Plaintiff's Marks and Plaintiff's Works by continuing to deal in Counterfeit Goods after notice.

33.  Defendants use marks, images and names confusingly similar or identical to Plaintiff's Marks and Plaintiff's Works to confuse consumers and aid in the promotion and sales of its unauthorized and counterfeit products.  Defendants' use of Plaintiff's Marks and Plaintiff's Works include importing, advertising, displaying, distributing, selling and/or offering to sell counterfeit copies of Plaintiff's products.

34.  Defendants' use began long after Plaintiff's adoption and use of its trademarks, and after Plaintiff obtained the trademark registrations alleged above.  Neither Plaintiff nor any authorized agents have consented to Defendant's use of Plaintiff's Marks or Plaintiff's Works.

35.  Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the counterfeit SPECK®-, CANDYSHELL®-branded cell phone cases sold and distributed by Defendants.  By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.  Furthermore, the sale and distribution of Counterfeit Goods by Defendant has infringed upon Plaintiff's federally registered trademarks and copyrights.

36.  Defendants importation, offering for sale, selling, and encouraging others to import Counterfeit Goods in this manner was and is likely to cause confusion or to cause mistake and/or to deceive consumers who purchase the Counterfeit Goods.

37.  Defendants also offered for sale, sold, imported, and/or encouraged others to import for purpose of resale within the United States Counterfeit Goods consisting of reproductions and/or copies of products bearing Plaintiff's Marks and comprised of Plaintiff's Works. Defendant's use of Plaintiff's Marks and Plaintiff's Works was done without Plaintiff's authorization.

/ / /

/ / /

**FIRST CAUSE OF ACTION**

**(Trademark Infringement Against Defendants F & S VENTURES, INC. d/b/a STREET TALK, IPOD PLACE, and DOES 1-10, Inclusive)**

**[15 *U.S.C.* §1114/*Lanham Act* §43(a)]**

38. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

39. Plaintiff has continuously used its SPECK® and CANDYSHELL® marks in interstate commerce since at least as early as 2003 and 2009, respectively.

40. Plaintiff, as the owner of all right, title, and interest in and to Plaintiff's Marks, has standing to maintain an action for trademark infringement against Defendants under 15 U.S.C. §1114.

41. Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered trademark holder of the SPECK and CANDYSHELL marks. (*See* **Exhibits A** - **D**).

42. Defendants did not and failed to obtain the consent or authorization from Plaintiff as the registered owner of Plaintiff's Marks to deal in and commercially distribute, market and sell cell phone cases bearing Plaintiff's Marks into the stream of commerce.

43. Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's Marks in connection with the sale, offering for sale, distribution, or advertising of Defendants' goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit cell phone cases bearing Plaintiff's Marks.

44. Defendants' egregious and intentional use and sale of fake, pirated and counterfeit items bearing Plaintiff's Marks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

45. As a proximate result of Defendant's trademark infringement, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges on information and belief

1  that, as a proximate result of Defendant's trademark infringement, Defendant has unlawfully
2  profited in an amount to be proven at trial.

3   46.  At all relevant times, Defendants acted intentionally and/or willfully in using
4  Plaintiff's Marks on the Counterfeit Goods, knowing that Plaintiff's Marks belonged to Plaintiff
5  that the Counterfeit Goods were in fact counterfeit, and that Defendants were not authorized to
6  use Plaintiff's Marks on the Counterfeit Goods.  Plaintiff is therefore entitled to recovery of
7  treble damages pursuant to 15 U.S.C. §1117(a).  Further, Defendants' knowing, intentional
8  and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable
9  attorney fees pursuant to 15 U.S.C. §1117(a).

10  47.  Defendants' actions also constitute use by Defendants of one or more
11  "counterfeit marks" as defined in 15 U.S.C. §1116(d)(1)(B).  Plaintiff therefore reserves the
12  right to elect, at any time before final judgment is entered in this case, an award of statutory
13  damages pursuant to 15 U.S.C. §1117(c)(1) and/or (2).

14  48.  Plaintiff has suffered and will continue to suffer substantial and irreparable
15  injury, loss and damage to its rights in and to the SPECK and CANDYSHELL marks and the
16  goodwill associated therewith, for which it has no adequate remedy at law; thus Plaintiff
17  requests injunctive relief.

18  49.  Defendants' continued and knowing use of Plaintiff's Marks without Plaintiff's
19  consent or authorization constitutes intentional infringement of Plaintiff's federally registered
20  trademarks in violation of Section 32 of the *Lanham Act*, 15 *U.S.C.* §1114.  Based on such
21  conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other
22  remedies provided by sections 1116, 1117, and 1118, including Defendants' profits, treble
23  damages, statutory damages, reasonable attorneys' fees, costs and prejudgment interest.
24  / / /
25  / / /
26  / / /
27
28

## SECOND CAUSE OF ACTION

## (False Designation of Origin, False or Misleading Advertising Against Defendants F & S VENTURES, INC. d/b/a STREET TALK, IPOD PLACE, and DOES 1-10, Inclusive)

## [15 *U.S.C.* §1125 (a)]

50. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

51. Defendants' actions as described herein constitute direct and/or contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, and/or approval of such Counterfeit Goods by Plaintiff.

52. As a proximate result of Defendant's violation as described herein, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges on information and belief that, as a proximate result of Defendant's direct and/or contributory trademark infringement, Defendant has unlawfully profited, in an amount to be proven at trial.

53. Defendant's acts of violating, directly and/or contributory, 15 U.S.C. §1125, have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## THIRD CAUSE OF ACTION

## (Dilution Against Defendants F & S VENTURES, INC. d/b/a STREET TALK, IPOD PLACE, and DOES 1-10, Inclusive)

## [15 U.S.C. §1125(c)]

54. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

55. Plaintiff's Marks are distinctive and famous within the meaning of the *Lanham Act*.

56. Upon information and belief, Defendant's unlawful actions began long after Plaintiff's Marks became famous, and Defendant acted knowingly, deliberately and willfully

with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Marks. Defendant's conduct is willful, wanton and egregious.

57.  Defendant's intentional sale of fake, pirated and counterfeit items bearing Plaintiff's Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiff. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff's Marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's Marks, and injure the business reputation of Plaintiff and Plaintiff's Marks.

58.  Defendant's acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless Defendant is enjoined by this Court.

59.  As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. §1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

**(Federal Copyright Infringement Against Defendants F & S VENTURES, INC. d/b/a STREET TALK, IPOD PLACE, and DOES 1-10, Inclusive)**

**[17 U.S.C. §501(a)]**

60.  Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

61.  Plaintiff is the exclusive owner of copyrights in and related to its SPECK®-, CANDYSHELL®-branded cell phone case packaging and possesses copyright registrations with the United States Copyright Office. (*See* **Exhibit E**).

62.  Defendants did not seek and failed to obtain Plaintiff's consent or authorization to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's Works.

63. Without permission, Defendants intentionally and knowingly reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's Works by offering, advertising, promoting, retailing, selling, distributing packaged counterfeit SPECK®-branded cell phone cases which are at a minimum substantially similar to Plaintiff's Works.

64. Defendants' acts as alleged herein, constitute infringement of Plaintiff's Works, including Plaintiff's exclusive rights to reproduce, distribute and/or sell such protected material.

65. Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff. Plaintiff is therefore entitled to injunctive relief, damages, Defendants' profits, increased damages, statutory damages, and reasonable attorney's fees and costs.

**FIFTH CAUSE OF ACTION**

**(Unfair Competition Against Defendants F & S VENTURES, INC. d/b/a STREET TALK, IPOD PLACE, and DOES 1-10, Inclusive)**

[*California Business & Professions Code* §17200 *et seq.*]

66. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

67. Defendant's actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices. Defendant's actions thus constitute "unfair competition" pursuant to *California Business & Professions Code* §17200.

68. As a proximate result of Defendant's actions, Plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its trademarks. Plaintiff therefore has standing to assert this claim pursuant to *California Business & Professions Code* §17204.

69. Defendant's actions have caused, and will continue to cause Plaintiff to suffer irreparable harm unless enjoined by this Court pursuant to *California Business & Professions Code* §17203. In addition, Plaintiff requests that the Court order that Defendant disgorge all

profits wrongfully obtained as a result of Defendant's unfair competition, and order Defendant to pay restitution to Plaintiff in an amount to be proven at trial.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff SPECULATIVE PRODUCT DESIGN, LLC hereby respectfully requests the following relief against Defendants F & S VENTURES, INC. d/b/a STREET TALK, IPOD PLACE, and DOES 1-10, inclusive, and each of them as follows:

1. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

2. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

3. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

5. In the alternative to actual damages and Defendant's profits for the infringement of Plaintiff's trademark pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6. In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 U.S.C. §504(c), which election Plaintiff will make prior to the rendering of final judgment;

7. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business & Professions Code* §17200;

8. Preliminarily and permanently enjoining Defendants and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with it, and each of them, from:

a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit SPECK® product identified in the Complaint and any other unauthorized SPECK® product (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any of Plaintiff's trademarks, trade name and/or trade dress including, but not limited to, any of Plaintiff's Marks at issue in this action.

c. The unauthorized use, in any manner whatsoever, of any of Plaintiff's trademarks, trade name and/or trade dress including, but not limited to, Plaintiff's Marks at issue in this action, any variants, colorable imitations, translations, and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

   i. On or in conjunction with any product or service; and

   ii. On or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

d. The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembles, acquired, purchased, offered, sold, transferred, brokered, consigned,

        distributed, stored, shipped, marketed, advertised and/or promoted by Defendants originates from Plaintiff, or that said merchandise has been sponsored, approved, licensed by, or associated with Plaintiff or is, in some way, connected or affiliated with Plaintiff.

    e.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that Defendants itself is connected with, or are in some way sponsored by or affiliated with Plaintiff, purchases product from or otherwise have a business relationship with Plaintiff.

    f.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

    g.    Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of Plaintiff's Marks; and/or

    h.    Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any of Plaintiff's Marks or which otherwise refer or relate to Plaintiff or any of Plaintiff's Marks.

9.    Pursuant to 15 U.S.C. §1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants has complied with the injunction;

- 16 -
**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

10. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with its legal obligations, or as equity requires;

11. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff;

12. Pursuant to 15 U.S.C. §1118 requiring that Defendants and all others acting under Defendant's authority, at their cost, be required to deliver up to Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of Plaintiff's Marks alone, or in combination with any other word, words, or design;

13. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements engaged in by Defendants, under 15 U.S.C. §1117(b);

14. For damages in an amount to be proven at trial for unjust enrichment;

15. For an award of exemplary or punitive damages in an amount to be determined by the Court;

16. For Plaintiff's reasonable attorney's fees;

17. For all costs of suit; and

18. For such other and further relief as the Court may deem just and equitable.

DATED:  May 13, 2014                          JOHNSON & PHAM, LLP

By: _/s/Marcus F. Chaney_____
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
SPECULATIVE PRODUCT DESIGN, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff SPECULATIVE PRODUCT DESIGN, LLC respectfully demands a trial by jury in this action.

DATED: May 13, 2014							JOHNSON & PHAM, LLP

								By: _/s/Marcus F. Chaney_____
								Christopher D. Johnson, Esq.
								Christopher Q. Pham, Esq.
								Marcus F. Chaney, Esq.
								Attorneys for Plaintiff
								SPECULATIVE PRODUCT DESIGN, LLC

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**